IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 SEP 28 AM 11: 15

STATE FARM MUTUAL )
AUTOMOBILE INSURANCE )
COMPANY, )
       Plaintiff, )
        )
v. ) CASE NO. CV 03-B-2632-NE
        )
CHARLES P. SWANSON; JOHN )
ROMANO; JON LOWE; CARY C. )
COLLINS; MARGIE M. COLLINS; )
PORSCHE CLUB OF AMERICA, )
INC.; PORSCHE CLUB OF )
AMERICA, HEART OF DIXIE )
REGION, )
       Defendants. )

ENTERED
SEP 28 2004

## MEMORANDUM OPINION

This case is currently pending before the court on plaintiff's Motion to Remand. (Doc. 3.) Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") filed a Complaint for Declaratory Judgment in the Circuit Court of Madison County, Alabama seeking a determination of its obligations under an insurance policy that it issued to defendants Charles P. Swanson. (Doc. 1, Ex. A, State Farm's Complaint for Declaratory Judgment ("Pl.'s Compl.") ¶ 1.) Defendant John Romano removed the case to this court. (Doc. 1 at 1.) Plaintiff has moved the court to remand this case to state court on the grounds that the court lacks subject matter jurisdiction and that Romano's Notice Of Removal was untimely filed. (Doc. 3.) Upon consideration of the record, the submissions of the parties,

8

and the relevant law, the court is of the opinion that plaintiff's Motion to Remand is due to be granted.

## I. Factual Summary and Procedural History

Plaintiff State Farm filed a Complaint for Declaratory Judgment against defendants Charles P. Swanson, John Romano, and other parties on August 19, 2003, in the Circuit Court of Madison County, Alabama. (Pl.'s Compl.) State Farm sought a determination of its obligations under an insurance policy that it issued to Charles P. Swanson. (*Id.*) Romano had previously filed an action in the Northern District of Alabama for negligence against Swanson, State Farm, and his current co-defendants in this case. *Romano v. Swanson*, No. CV-03-S-1829-NE (N.D. Ala. filed July 17, 2003) (Smith, J.). Romano contends in that action that Swanson and the other defendants caused damage in excess of $200,000 to Romano's 1970 Porsche automobile, as well as loss of use of the automobile. (Doc. 1, Ex. B ¶ 13.) State Farm was subsequently dismissed as a defendant from that action. *Romano v. Swanson*, No. CV-03-S-1829-NE (N.D. Ala. Aug. 28, 2003) (order dismissing defendant State Farm).

Romano was served with the summons and complaint in State Farm's declaratory judgment action on August 25, 2003. (Doc. 1, Ex. A.) On September 25, 2003, John Romano filed a Notice of Removal removing the declaratory action filed by State Farm in the Circuit Court of Madison County, Alabama to the Northern District of Alabama, Northeast Division. (Doc. 1.) State Farm contends in its Motion to Remand that this case

should be remanded to state court because the amount in controversy does not exceed $75,000. (Doc. 3 ¶¶ 6–14.)[1] State Farm alternatively contends that defendants' notice of removal was untimely filed on September 25, 2003, thirty-one days after service of the declaratory action. (*Id.* ¶¶ 4–5.)[2]

## II.  Discussion

### A.  The court lacks jurisdiction over Romano's claim because it does not meet the amount-in-controversy requirement of 28 § 1332(a).

Plaintiff filed a Complaint for Declaratory Judgment to determine its obligation under its insurance contract with Swanson. (Pl.'s Compl. ¶ 1.) Romano removed the case by invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 3.) It is undisputed that plaintiff State Farm is diverse from each defendant. Romano also states that "the amount in controversy as alleged exceeds the jurisdictional threshold." (*Id.*) Under 28 U.S.C. § 1332(a), the amount in controversy in diversity cases must be greater than $75,000 for proper jurisdiction in the federal courts.

In the action Romano brought against Swanson and others in federal court in July of 2003, he alleges damages of over $200,000. *Romano v. Swanson*, No. CV-03-S-1829-NE (N.D. Ala. filed July 17, 2003). However, the current action brought by State Farm concerns

---

[1] Document 3, plaintiff's Motion to Remand, contains two paragraphs numbered five. This citation refers to the text from the paragraph actually numbered six to the paragraph actually numbered fourteen.

[2] This citation refers to the text from paragraph four through the second paragraph numbered five.

only State Farm's obligations under its insurance policy issued to Swanson. By the terms of the policy, that liability is limited to $50,000 per accident for property damage. (Doc. 3, Ex. B.) Of the types of damages available under the policy, Romano in his federal action seeks only recovery for property damages to his automobile and does not allege that more than one accident occurred. (Doc. 1, Ex. B.) Thus, the most he could possibly recover from the present claim before this court – involving Swanson's policy with State Farm, the claim that he removed from an Alabama court – is the policy maximum of $50,000. This case therefore fails to meet the amount-in-controversy requirement of 28 U.S.C. § 1332(a) and the court has no jurisdiction to hear the case.[3] The case must be remanded to state court.

**B.  Even if the court had jurisdiction to hear this case, Romano's removal is procedurally defective and must fail.**

The "unanimity requirement" of removal jurisdiction "mandates that in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp. v.*

---

[3]Romano argues that the court should invoke the court's supplemental jurisdiction under 28 U.S.C. § 1367. This argument is contrary to case law concerning federal jurisdiction:

> The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995), and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, *Sebring Homes Corp. v. T.R. Arnold & Assocs.*, 927 F. Supp. 1098, 1101 (N.D. Ind. 1995); *Zewe v. Law Firm of Adams & Reese*, 852 F. Supp. 516, 520 (E.D. La. 1993) ("a district court does not have supplemental jurisdiction under 28 U.S.C. § 1367 to entertain the merits of claims in a state court [suit] which was removed without original jurisdiction"); . . . .

*Frankenburg v. Superior Distribs., Inc.*, 961 F. Supp. 1560, 1566 (S.D. Ala. 1997) (quoting *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996)).

*Am. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001). Although the parties have not themselves raised this issue, the court must determine whether Romano properly removed this case to federal court.

Romano's Notice of Removal was filed by his attorneys alone and was not joined by any of the other defendants. (Doc. 1.) The notice states that Romano mailed copies of the notice to the other defendants' counsel, (Doc. 1), and Romano's Memorandum Opposing State Farm's Motion to Remand states that "all defendants consented to the removal of the instant case from Alabama state court to this federal forum," (Dr. Romano's Mem. Opposing State Farm's Mot. to Remand ("Romano's Mem.") at 1). However, there is no further evidence that the other defendants – namely, Swanson, Jon Lowe, Cary C. Collins, Margie M. Collins, Porsche Club of America, Inc., and Porsche Club of America, Heart of Dixie Region – ever consented to Romano's removal.

As mentioned above, "[a]ll named defendants must consent to or join the petition for removal." *Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1446 (N.D. Ga. 1994) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970));[4] *see also Holder v. City of Atlanta*, 925 F. Supp. 783, 785 (N.D. Ga. 1996) ("Because the Court concludes that the individual defendants failed to consent to

---

[4]The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

the removal of this action within the statutory thirty days, the Court finds [the] attempted removal is defective."). Another court in this district has considered this issue:

> This federal district court has previously held in other removal cases that although each defendant does not have to actually sign the notice of removal, the solemnity and formality of federal district court practice, 28 U.S.C. § 1446(a) and Rule 11(a), Fed.R.Civ.P., requires that there be some timely filed written document evidencing either joinder in or consent to the removal. Moreover, Rule 11, Fed.R.Civ.P., does not authorize one party to make representations or file pleadings on behalf of another.

*Miles v. Kilgore*, 928 F. Supp. 1071, 1076 (N.D. Ala. 1996) (Haltom, J.). The court went on in *Miles* to hold that in removal cases with multiple defendants, a "mere bald, unsupported assertion in a notice of removal by one removing defendant that all the other defendants consent to the removal fails to constitute a sufficient consent to removal." *Id.* In the present case, Romano has provided nothing more than exactly that – merely a "bald, unsupported assertion in a notice of removal . . . that all the other defendants consent to the removal."

All named defendants were served when this action was initially filed in state court. (Doc. 1, Ex. A.) The record is devoid of evidence that any of the other defendants consented to removal of this action to federal court. Nor have any of them answered or otherwise appeared in this action.[5] The silence of the defendants, other than

---

[5] Had any of the other defendants filed an answer in federal court, even the filing of that answer alone would not constitute proper consent to removal, if it was silent on the issue of that defendant's consent to removal. *Holden v. City of Atlanta*, 925 F. Supp. 783, 785 (N.D. Ga. 1996).

Romano, regarding removal of this action to federal court does not constitute proper consent to removal. Accordingly, defendant Romano's attempted removal fails on a second ground, and, for this reason as well as the lack of jurisdiction discussed *supra*, this case is due to be remanded to state court.

C. **The court declines to rule on the timeliness of defendant Romano's removal.**

In its motion to remand, plaintiff State Farm alleges that Romano's Notice of Removal, filed on September 25, 2003, was untimely filed thirty-one days after Romano was served on August 25, 2003. (Doc. 3 ¶¶ 4-5.)[6] However, the circuit courts are split over what is known as the "last-served-defendant" rule, which relates to when the thirty-day time period on removal begins to run. *Bussey v. Modern Welding Co.*, 245 F. Supp. 2d 1269, 1273-74 (S.D. Ga. 2003). A decision on this rule in this case would be determinative on the timeliness of service. However, as plaintiff admits, the Eleventh Circuit has not decided whether to follow this rule. (Romano's Mem. at 2; *see also Bussey*, 245 F. Supp. 2d at 1273.)

Because this court has found two separate grounds for remanding this case, neither of which require determination of an issue on which the circuit courts disagree and on which the Eleventh Circuit has not yet offered guidance, this court declines to decide whether to apply the last-served-defendant rule to determine whether defendant Romano filed his Notice of Removal in a timely manner. In light of this court's ruling

---

[6]Document 3, plaintiff's Motion to Remand, contains two paragraphs numbered five. This citation refers to the text from paragraph four through the second paragraph numbered five.

court's ruling on the jurisdiction and procedural issues, it is unnecessary to address this issue to dispose of this case.

### III. Conclusion

For the foregoing reasons, the court is of the opinion that the action was improvidently removed to this court due to the failure of all defendants to timely join in the removal. Further, because the amount in controversy is less than $75,000, this court is without jurisdiction, regardless of issues of consent to removal and timeliness of service, because the minimum amount in controversy is not satisfied as required under 28 U.S.C. § 1332(a). An Order granting plaintiff's Motion to Remand will be entered contemporaneously with the memorandum.

**DONE** this 27th day of September, 2004.

*/s/ Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge

8